UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN F. DELSESTO, in his Capacity as Court-Appointed Temporary Receiver for PLEASANT PROPERTIES, INC., and not Individually,
Plaintifff

CA 08 313

v.

C.A. No. 08-

THE UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,
Defendant

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preliminary Statement**

This is an action for declaratory and injunctive relief pursuant to 26 U.S.C. § 7426(a)(1) to enjoin the Defendant from selling the principal asset of a receivership estate at a tax sale.

**Parties and Jurisdiction**

1. Plaintiff Stephen F. DelSesto is the duly appointed Temporary Receiver for Pleasant Properties, Inc. ("PPI"), a Rhode Island business corporation, with its principal place of business located in Pawtucket, Rhode Island.

2. Defendant Department of the Treasury Internal Revenue Service ("IRS") is a duly constituted agency of the United States of America, with a business office in Warwick, Rhode Island.

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(e), in that this is a civil action against the United States provided in Section 7426 of the Internal Revenue Code, 26 U.S.C. § 7426. Furthermore, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201, in that Plaintiff

seeks a declaration of the rights and other legal relations of the interested parties with respect to real estate owned by PPI. The Court has jurisdiction over the parties, and venue is proper in and for the judicial district of Rhode Island.

**Relevant Background**

4. PPI owns assets located in the State of Rhode Island and the Commonwealth of Massachusetts, and is the owner of the real estate situated at 60 Mead Street, Seekonk, Massachusetts (the "Property").

5. PPI is insolvent and unable to meet its obligations as they become due.

6. On or about August 18, 2008, the majority shareholders of PPI, for the protection of the assets of PPI and the protection and benefit of all of PPI's creditors, filed a Petition for the Appointment of a Receiver in the Providence County Superior Court, entitled *Pierce v. Pleasant Properties, Inc.*, C.A. No. PB 08-5355 (the "Receivership Action").

7. On or about August 18, 2008, the Superior Court, in the Receivership Action, appointed Plaintiff as the Temporary Receiver for PPI. A true copy of the Order Appointing a Temporary Receiver (the "Order") is attached hereto as Exhibit A.

8. Pursuant to the express provisions of the Order, Plaintiff "is authorized to take possession and charge of the property and assets of [PPI], to collect the debts and property belonging to it and to preserve the same until further Order" of the Receivership Court.

9. In addition, pursuant to the express provisions of the Order, the foreclosure of any property of PPI is restrained and enjoined until further Order of the Receivership Court.

10. On information, the IRS has levied on the Property for unpaid internal revenue taxes, and in connection therewith, pursuant to Section 6331 of the Internal Revenue Code, 26 U.S.C. § 6331, has issued a Notice of Public Auction Sale (a true copy of which is attached

hereto as Exhibit B) indicating that the IRS will sell at public auction all of the right, title, and interest of PPI in and to the Property on August 21, 2008 at 12:00 p.m. (the "Foreclosure Sale").

**Causes of Action**

**COUNT I**
**(Wrongful Levy Under 26 U.S.C. § 7426(a)(1))**

11. Plaintiff hereby re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 10 of this Verified Complaint.

12. As the duly appointed Receiver for PPI, Plaintiff has an interest in the Property, and indeed, is a lien creditor of PPI with an interest in the Property that is senior or superior to that of the IRS.

13. In accordance with the provisions of Section 7426(a)(1) of the Internal Revenue Code, 26 U.S.C. § 7426(a)(1), any person other than the taxpayer having an interest in or lien upon property against which the IRS has wrongfully levied may bring an action to enjoin such levy and/or sale in a district court of the United States.

14. The IRS' levy on the Property is wrongful in that Plaintiff's interest in the Property is senior to the federal tax lien and will be destroyed or otherwise irreparably injured by the levy and Foreclosure Sale. 26 C.F.R. § 301.7426-1.

15. In the event that this Court does not enjoin the Foreclosure Sale, Plaintiff will suffer irreparable harm and injury, in that the principal asset of PPI will be dissipated, Plaintiff's senior lien interest in the Property will be destroyed, and Plaintiff will be unable to preserve and protect the interests of the creditors of PPI at large.

16. Moreover, the IRS will not be irreparably injured in the event that this Court restrains and enjoins the Foreclosure Sale. Indeed, Plaintiff has received an offer for the Property in excess of the lien of the first secured creditor, and believes in good faith that such

offer will serve as a "stalking horse" that will ultimately permit Plaintiff to maximize the payment of the federal tax lien.

17. Plaintiff has no adequate remedy at law.

**COUNT II**
**(Declaratory Judgment)**

18. Plaintiff hereby re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 17 of this Verified Complaint.

19. Under federal and Rhode Island state law, Plaintiff is a lien creditor of PPI.

20. As such, Plaintiff's interest in the Property is senior to that of the IRS.

21. The scheduled Foreclosure Sale of the Property is wrongful in that the IRS' interest in the Property is junior to that of the Plaintiff, and the Foreclosure Sale will effectively destroy or otherwise irreparably injure Plaintiff's senior lien.

22. Plaintiff is therefore entitled to a declaration under 28 U.S.C. § 2201 that the IRS' levy upon the Property and Foreclosure Sale pursuant to the levy are wrongful and should be enjoined under 26 U.S.C. § 7426(a)(1).

**Prayers for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

(a). Issue an immediate order temporarily restraining and enjoining the Foreclosure Sale;

(b). After hearing, enter a preliminary and permanent injunction enjoining the IRS from conducting any sale by public auction of the Property pending further order of this Court; and

(c). Award Plaintiff its costs and such other and further relief as the Court deems fair and just.

STEPHEN F. DELSESTO, in his Capacity as Court-Appointed Temporary Receiver for PLEASANT PROPERTIES, INC., and not Individually,

By his Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

Michael P. Robinson, R.I. Bar No. 6306
Douglas A. Giron, R.I. Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

Dated: August 20, 2008

**VERIFICATION BY PLAINTIFF**

Stephen F. DelSesto, being duly sworn, upon oath hereby deposes and states that:

1. I am the Court-Appointed Temporary Receiver for Pleasant Properties, Inc,, and I have knowledge of the matters asserted in the foregoing Verified Complaint.

2. I have reviewed the foregoing allegations of the Verified Complaint, and I affirm that such allegations are true based upon my knowledge and belief.

3. For such allegations as are set forth upon information and belief, I believe such allegations to be true.

STEPHEN F. DELSESTO

Sworn and subscribed to before me on this 20th day of August 2008.

Julie A. Zaccagnini
Notary Public

Julie A. Zaccagnini
My Commission Expires: My Comm. Exp. 4/7/2010