UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. DELSESTO, in his Capacity as Court-Appointed Temporary Receiver for PLEASANT PROPERTIES, INC., and not Individually, Plaintifff | : | CA 08 313 |
| v. | : | C.A. No. 08- |
| THE UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, Defendant | : | |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION**

Plaintiff Stephen F. DelSesto, in his capacity as Court-Appointed Temporary Receiver for Pleasant Properties, Inc., and not individually, pursuant to Federal Rule of Civil Procedure 65, hereby moves this Court for an order temporarily restraining and preliminarily enjoining the United States of America, Department of the Treasury, Internal Revenue Service, from taking any action to sell at a tax sale the real property located at 60 Mead Street, Seekonk, Massachusetts, which comprises the principal asset of the receivership estate. In support of this Motion, Plaintiff has submitted herewith a Verified Complaint and a Memorandum of Law.

[rest of page intentionally left blank]

STEPHEN F. DELSESTO, in his Capacity
as Court Appointed Temporary Receiver
For PLEASANT PROPERTIES, INC., and
not Individually,

By his Attorneys,
Shechtman Halperin Savage, LLP

Michael P. Robinson, R.I. Bar No. 6306
Douglas A. Giron, R.I. Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

Dated: August 20, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of August 2008, a true and accurate copy of the within Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum in Support thereof, and Verified Complaint for Declaratory and Injunctive Relief was sent via electronic mail and facsimile to the following counsel of record:

Peter Sklarew, Esquire
Assistant Chief
Civil Trial Section, Northern Region
Tax Division, US Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
Peter.A.Sklarew@usdoj.gov

Shawn Skene, IRS Agent
Rhode Island IRS office
VIA FACSIMILE at 401-826-4777

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. DELSESTO, in his Capacity as Court-Appointed Temporary Receiver for PLEASANT PROPERTIES, INC., and not Individually, Plaintifff | : | |
| v. | : | C.A. No. 08- |
| THE UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, Defendant | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This matter is before the Court on the motion of Stephen F. DelSesto in his capacity as Court-Appointed Temporary Receiver for Pleasant Properties, Inc. ("PPI"), and not individually (the "Receiver"), pursuant to Federal Rule of Civil Procedure 65, for an order temporarily restraining and preliminarily enjoining Defendant, the United States of America, Department of the Treasury, Internal Revenue Service (the "IRS"), from taking any action to sell at a tax sale the real property located at 60 Mead Street, Seekonk, Massachusetts (the "Property") which comprises the principal asset of a receivership estate. Plaintiff has filed a Verified Complaint alleging that the proposed tax sale would constitute a wrongful levy under 26 U.S.C. § 7426 as the Receiver is a lien creditor with an interest in the Property superior to that of the IRS, and now submits this Memorandum in support of his prayer for a temporary restraining order and preliminary injunction.

***Background***

As set forth in detail in Plaintiffs' Verified Complaint submitted herewith, on or about August 18, 2008, the majority shareholders of PPI, for the protection of the assets of PPI and the protection and benefit of all of PPI's creditors, filed a Petition for the Appointment of a Receiver in the Providence County Superior Court, entitled *Pierce v. Pleasant Properties, Inc.*, C.A. No. PB 08-5355 (the "Receivership Action"). (Verified Complaint, ¶ 6). On or about August 18, 2008, the Superior Court, in the Receivership Action, appointed Plaintiff as the Temporary Receiver for PPI. (Verified Complaint, ¶ 7). Pursuant to the express provisions of the Order, Plaintiff is authorized to take possession and charge of the property and assets of PPI, to collect the debts and property belonging to it and to preserve the same until further Order of the Receivership Court. (Verified Complaint, ¶ 8). In addition, pursuant to the express provisions of the Order, the foreclosure of any property of PPI is restrained and enjoined until further Order of the Receivership Court. (Verified Complaint, ¶ 9).

On information, the IRS has levied on the Property for unpaid internal revenue taxes, and in connection therewith, pursuant to Section 6331 of the Internal Revenue Code, 26 U.S.C. § 6331, has issued a Notice of Public Auction Sale indicating that the IRS will sell at public auction all of the right, title, and interest of PPI in and to the Property on August 21, 2008 at 12:00 p.m. (the "Foreclosure Sale"). (Verified Complaint, ¶ 10).

***Argument***

A. <u>The Court Should Grant An Injunction So That The Receiver Will Be Able to Maximize the Proceeds of Sale of the Property.</u>

Pursuant to the Internal Revenue Code, a person (other than the person against whom the tax giving rise to the levy was assessed) claiming an interest in property upon which the IRS has wrongfully levied may bring an action in federal district court to enjoin a sale pursuant to such

levy. 26 U.S.C. §§ 7426(a)(1) and (b)(1). For purposes of this statute, a levy is wrongful where the levy or sale pursuant to levy does or will effectively destroy or otherwise irreparably injure such person's interest in the property which is senior to the federal tax lien. 26 C.F.R. § 301.7426-1(b)(1). Here, the Receiver is not the person against whom the tax giving rise to the levy was assessed, and the sale pursuant to levy will destroy or irreparably injure his interest in the Property. By statute, the Receiver is a lien creditor with an interest superior to the IRS. *See* R.I. Gen. Laws § 6A-9-102(a)(52)(iv); *see also Bank Rhode Island v. Mixitforme, Inc.*, 207 R.I. Super. LEXIS 9, *36 (R.I. Super. Ct. 2007).

B. <u>The Temporary Restraining Order/Injunction Standard</u>.

This Court has ruled that the "standard to be applied to determine whether to issue a temporary restraining order is identical to the standard applied for preliminary injunction." *Kellam v. Burnley*, 673 F. Supp. 71, 72 (D.R.I. 1987)(citing *Palmigiano v. Travisono*, 317 F. Supp. 776, 787 (D.R.I. 1970)). In the First Circuit, a plaintiff must satisfy four criteria in order to be entitled to a preliminary injunction: "(i) that plaintiff will suffer irreparable injury if the injunction is not granted; (ii) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (iii) that plaintiff has exhibited a likelihood of success on the merits; and (iv) that the public interest will not be adversely affected by the granting of the injunction." *LeBeau v. Spirito*, 703 F.2d 639, 642 (1st Cir. 1983). In this case, Plaintiff is able to satisfy such criteria.

C. <u>Plaintiff Is Likely To Succeed On The Merits Of His Claims</u>.

Based upon the facts and statutes set forth above, the Foreclosure Sale set to take place on August 21, 2008 plainly constitutes a wrongful levy. Plaintiff is not the taxpayer, but has a lien interest in the Property which is senior to the federal tax lien. Moreover, it is clear that the

sale of the Property at a federal tax lien foreclosure will destroy or otherwise irreparably injure Plaintiff's interest, in that the principal asset of PPI will be dissipated, Plaintiff's senior lien interest in the Property will be destroyed, and Plaintiff will be unable to preserve and protect the interests of the creditors of PPI at large.

D. Plaintiff Will Be Irreparably Harmed Unless The Court Grants the Requested TRO And Injunction.

In the event that the IRS goes forward with its tax sale of the Property, Receiver will sustain irreparable injury, *inter alia*, (i) because the sale will transfer title to the principal asset of the receivership estate; (ii) because the forced sale will inevitably yield less than if the Receiver has the opportunity to stabilize PPI's operations, market its business, and conduct a commercially reasonable sale in due course and; (iii) the forced sale will dissuade potential buyers who might otherwise bid on the Property. In view of these imminent injuries to the Plaintiff, this Court should grant the requested restraining order and preliminary injunction.

E. In Contrast, The Granting Of The Requested TRO and Preliminary Injunction Will Not Harm Defendant

In the event that the Court grants the requested restraining order and preliminary injunction, the IRS will not be irreparably harmed. Specifically, Plaintiff does not seek to question the amount or priority of the IRS's claim for taxes, he seeks only to prevent a commercially unreasonable sale of the Property which would negatively impact the IRS and all other creditors of PPI. Although the injunction will only cause a delay to the IRS, it is likely to maximize the payment of the federal tax lien.

F. The Public Interest Will Not Be Adversely Affected By The Requested TRO and Preliminary Injunction.

The granting of the requested restraining order and preliminary injunction would not adversely affect the ability of the IRS to collect the tax due, as the IRS would retain the priority it

currently enjoys in the proceeds of sale, and a commercially reasonable sale in due course would not negatively impact the collectability of such sums due. Accordingly, the public interest in taxes assessed being collected will not be adversely affected.

**Conclusion**

Based upon all of the foregoing, this Court should grant Plaintiff's motion for the issuance of a temporary restraining order and preliminary injunction and should temporarily restrain and enjoin Defendant IRS from taking any action to sell the Property at tax sale.

Respectfully submitted,

STEPHEN F. DELSESTO, in his Capacity as Court-Appointed Temporary Receiver for PLEASANT PROPERTIES, INC., and not Individually,

By his Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

Michael P. Robinson, R.I. Bar No. 6306
Douglas A. Giron, R.I. Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

Dated: August 20, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of August 2008, a true and accurate copy of the within Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum in Support thereof, and Verified Complaint for Declaratory and Injunctive Relief was sent via electronic mail and facsimile to the following counsel of record:

Peter Sklarew, Esquire
Assistant Chief
Civil Trial Section, Northern Region
Tax Division, US Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
Peter.A.Sklarew@usdoj.gov

Shawn Skene, IRS Agent
Rhode Island IRS office
VIA FACSIMILE at 401-826-4777