UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEPHEN F. DELSESTO, as temporary receiver )
for PLEASANT PROPERTIES, INC., )
) Civil No. 08-313-ML
Plaintiff, )
v. )
)
UNITED STATES OF AMERICA, )
)
Defendant. )

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

At 4:00 p.m. on August 20, 2008, counsel for the United States at the Department of Justice, Tax Division (Peter Sklarew),[1] received a pre-filing copy of a complaint and motion for a temporary restraining order to enjoin an Internal Revenue Service administrative sale of real property in Massachusetts, pursuant to a prior IRS levy and seizure. Earlier the same day, said counsel received from the IRS a copy of the order of the Rhode Island Superior Court in *Marc J. Peirce and Gary Peirce v. Pleasant Properties, Inc.*, PB 08-5355 (R.I. Superior Court), appointing plaintiff Stephen F. Del Sesto as temporary receiver for the taxpayer, Pleasant Properties, Inc. Soon thereafter, said counsel requested and was provided by the receiver's office with a copy of the petition for such appointment, which petition indicates it was filed on behalf of the taxpayer's shareholders. In providing a copy of the petition, the receiver requested the Department of Justice to "advise if the IRS will be voluntarily calling off the scheduled tax sale" of real property in Massachusetts. While the Department was in the process of researching the issues and drafting a response, it was informed of the instant federal court action and asked the United States Attorney's

[1] Mr. Sklarew has appeared in this Court in several prior cases before ECF was implemented and is not ECF-registered with this Court. He is the primary author of this opposition. He is an assistant chief of the Northern Region Civil Trial Section of the Tax Division of the Department of Justice (currently Acting Chief of the section due to the Chief's vacation) and will likely assign the matter to a trial attorney in his office if it is not quickly dismissed for lack of jurisdiction.

office to retrieve a filed copy from the Clerk of this Court.[2]

The Court should not enter the TRO because not only did plaintiff fail to properly serve the United States under Federal Rule of Civil Procedure 4(i), the complaint is meritless and the Court is without jurisdiction to issue the TRO – the statutory pretext for such jurisdiction in the motion being clearly inapplicable. Although I.R.C. § 7426 is a statutory exception to the Anti-Injunction Act in IRC § 7421(a),[3] which otherwise clearly precludes the TRO requested, the complaint is not in fact a so-called wrongful levy action under § 7426 at all, as demonstrated below (and the taxpayer's receiver lacks standing to bring such an action in any event). Moreover, the sale, which is of commercial real estate, has been scheduled for months (for noon on August 21st), and the state court petition for the receiver and this action were both filed at the eleventh hour in an effort to have a court enjoin the sale precipitously in an ill-considered rush. Bidders are known to be arriving from New York and Ohio, and a number of written bids have already been received in amounts in excess of the minimum bid amount. If the sale is not carried out, there is no assurance that the bids will be resubmitted in a future sale. If the property sells for less than its full value, the taxpayer (and the receiver in its shoes) has a right to redeem.

## Background

The Internal Revenue Service has federal tax liens that encumber all property of the

---

[2] Most disturbingly, when a legal assistant at the office of the United States Attorney asked the Clerk's office for the papers, she was informed that counsel for the plaintiff had informed the Clerk earlier in the day that a motion for a T.R.O. would be forthcoming and, when asked if the IRS had been notified, told the Clerk that the IRS would not be attending any hearing. If that representation was indeed communicated to the Clerk's office, it was not true. Mr. Sklarew was subsequently called by the plaintiff's counsel and informed of the 10:00 a.m. hearing (after having already learned of it from Assistant United States Attorney Ly Nguyen whose office had made inquiry with the Court). It appears that Plaintiff's eleventh-hour filing and failure to properly effect service on the United States was an attempt to obtain a T.R.O. without proper notice to the United States.

[3] All statutory references are to the Internal Revenue Code (26 U.S.C.) ["IRC"] unless otherwise stated.

taxpayer, including but not limited to real property located at 60 Mead Street in the Town of Seekonk, Massachusetts (the "Property"). The liens total approximately $185,000 consisting of unpaid federal income taxes, interest, and penalties for 2002 and 2003. Notices of federal tax lien were duly recorded pursuant to IRC § 6323. On April 25, 2008, the IRS levied upon and seized the Property pursuant to IRC § 6331, and gave notice of levy and notice of seizure to the taxpayer. The notices were hand-delivered to Marc. J. Pierce at the Property address. Mr. Pierce is one of the shareholders who petitioned the state court for the appointment of the receiver in order to stop the sale.

On June 25, 2008, an IRS official met with Marc J. Pierce and handed him Form 4585 (Minimum Bid), Form 2434-B (Notice of Encumbrances, listing the IRS and any senior creditors), and Form 2434 (Notice of Sale by Public Auction), setting August 21, 2008, at noon as the date and time for the sale.

The receivership action was not commenced until August 18, 2008. On the same date, the Superior Court entered the order supplied with the petition by the petitioners' counsel. The order contains an omnibus injunction of the kind that is boilerplate in receivership actions, purporting to stay all court proceedings and any judicial or nonjudicial collection actions with respect to property of the defendant. The order does not mention the IRS or the United States or the fact that the petition sought appointment of a receiver for real property located in another state, and the United States therefore does not know whether the state court judge was actually aware that this was what the petitioners and their counsel intended to be the effect of the order, although the petition itself does refer to the Massachusetts property and state that the IRS has commenced an administrative sale proceeding.

This matter was then commenced on August 20, 2008.

**The Anti-Injunction Act Bars the Injunctive Relief Sought**

The Anti-Injunction Act, IRC § 7421(a), is broadly construed to bar injunctions that interfere with any aspect of the tax determination and collection process. Bob Jones University v. Simon, 416 U.S. 725 (1974). The only exceptions are the statutory ones listed in § 7421(a) and two narrowly limited judicial exceptions that, as will be shown, do not apply here. The Anti-Injunction Act applies in receivership actions.[4] Sterling Consulting Corp. v. United States, 245 F.3d 1161 (10th Cir. 2001). Indeed, after the aforecited Tenth Circuit decision, the receivership action in that case – a diversity action – was transferred to the federal district court in Massachusetts (in the jurisdiction of which the Property at issue here is located). The receiver then alleged that certain acts by the IRS were barred by a broadly worded equitable receivership injunction issued early in the receivership action by the federal district court in Colorado that was similar to the one included in the Rhode Island Superior Court order appointing the plaintiff in this case. The federal district court in Massachusetts – the successor court to which venue over the receivership action had been transferred – then modified the injunction issued years earlier by the Colorado court because it found that the injunction violated the Anti-Injunction Act and because it was "beyond the Colorado District Court's subject matter jurisdiction to order a stay that applied to federal efforts to assess and collect taxes." (A copy of the unreported decision is attached hereto as an exhibit. The quotation is from page 6.)

---

[4] In federal bankruptcy cases, the so-called "automatic stay" stops certain tax collection actions. 11 U.S.C. § 362(a). But that is by legislative prescription and not by judicial injunction. Indeed, the bankruptcy all-writs provision, 11 U.S.C. § 105(a), has been held not to authorize bankruptcy courts to enjoin tax collection in any manner not automatically stayed by 11 U.S.C. § 362. Cambridge Machined Products Corp. v. United States, 58 B.R. 22 (Bankr. Mass. 1985) (Bankruptcy Code § 105 does not supersede tax Anti-Injunction Act). Accord, In Re American Bicycle Ass'n, 895 F.2d 1277, 1279-81 (9th Cir. 1990); In the Matter of LaSalle Rolling Mills, 832 F.2d 390, 392 (7th Cir. 1987); Morelli v. Alexander, 920 F.Supp. 556, 559 (S.D.N.Y.1996); In re Scott Cable Communications, Inc., 227 B.R. 596, 601-02 (Bankr.Conn. 1998). In light of these cases, it cannot possibly be argued that the mere pendency of a state court insolvency proceeding, such as a receivership, is sufficient to resort to equity jurisprudence to override the Anti-Injunction Act without explicit statutory authorization.

The motion for the TRO here purports to invoke one of the statutory exceptions contained in § 7421(a) – that for a wrongful levy action under § 7426. Section 7426 allows for suits by a person other than the taxpayer who claims a superior property interest in property upon which levy is made. Typically, just actions are brought either by lien creditors whose liens may be destroyed by the sale (*i.e.*, this does not include where the IRS sells property explicitly subject to a senior lien such as a first mortgage), or by persons who claim to own, or to have a co-ownership interest in, the seized property, whose interest has been wrongfully seized as is to be sold. Under § 7426(b)(1), courts with jurisdiction over a wrongful levy action may enjoin a sale, but only "[i]f a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property."

The plaintiff/receiver here lacks standing to bring a wrongful levy action for two reasons. First, the receiver stands in the shoes of the taxpayer and taxpayers may not bring wrongful levy actions. "[T]he general rule of law is that appointment of a receiver does not determine any rights nor destroy any liens. The receiver merely becomes an assignee of the insolvent, having exactly the same rights that he had." Maxl Sales Co. v. Critiques, Inc. , 796 F.2d 1293, 1297 n. 2 (10th Cir. 1986); see also 65 Am. Jur. 2d Receivers § 111 (2008) ("Because a receiver stands in the shoes of the entity whose property is in receivership, a receiver- has or takes, or may assert, no greater rights in the property subject to the receivership than the entity whose property is in receivership . . . .") To the extent that the receiver claims not to stand in the taxpayer's shoes, for example by suggesting that he represents a "receivership estate" formed by his appointment, it is clear that his title is derived from the taxpayer through the transfer by operation of law of the taxpayer's property rights to the receivership estate, subject to the tax liens, since the tax liens arose and were filed long before the receivership estate was formed. Thus, his interest is *ipso facto* not "superior to rights of the United States" within the meaning of § 7426(b)(1).

The TRO motion baldly asserts that "[b]y statute, the Receiver is a lien creditor with an interest superior to the IRS," citing R.I. Gen. Laws § 6A-9-102(a)(52)(iv). To the extent the receiver claims to be a lien creditor, that is a state law fiction that is not applicable under the terms of federal tax code but, even if the receiver was correct in that regard, the claim that a state-granted lien arising on the date of the receiver's appointment is superior to duly filed federal tax liens is patently frivolous. The priority of federal tax liens is governed exclusively by federal law and specifically by the rule of first in time save as modified by IRC § 6323. That provision renders the tax lien "not valid" against certain specified interests such as purchasers and security interest holders until notice of the lien is filed. See 26 U.S.C. § 6323(a). The terms used are construed as Congress meant them and not according to state-law fictions. Thus, long ago, the Supreme Court held that a state lien that was expressly given the effect of a judgment lien prior to judgment based on the doctrine of relation back was not a judgment lien within the meaning of § 6323(a) because there was in fact not yet a judgment. U.S. v. Security Trust & Sav. Bank of San Diego, 340 U.S. 47 (1950). Similarly notwithstanding local law characterizing a town's statutory tax lien as a judgment lien, the Supreme Court held that it would not qualify as a judgment lien within the meaning of the federal tax lien statute. U.S. v. Gilbert Associates, Inc., 345 U.S. 361 (1953). The receiver here is not a judgment lien holder or a the holder of a security interest and even those interests would be junior to the tax liens given the prior filing of notice of the tax liens. In addition, any lien of the receiver here is inchoate because the amount is not yet known. See U.S. v. Acri, 348 U.S. 211 (1995); U.S. v. City of New Britain, 347 U.S. 81 (1954).

IRC § 6323 also grants superpriority to certain interests that arise after the tax lien. See 26 U.S.C. 6323(b), (c). The receiver here does not remotely fall into any superpriority provision and, as noted, the tax liens arose and were perfected long before the receivership action was

commenced.[5]

Moreover, the Rhode Island statute on which the receiver depends in fact undermines his contention. It defines a lien creditor to include "a receiver in equity from the time of appointment." R.I. Gen. Laws § 6A-9-102(52)(iv). Thus, the receiver's lien here at best arose two days ago – long after the federal tax liens.

The TRO motion's reliance on § 7426 is in fact simply a pretext for jurisdiction that is completely devoid of merit. Alternatively, the complaint fails to state a claim for which relief under § 7426 may be granted. Fed.R.Civ.P. 12(b)(6).

There are two narrow judicial exceptions to the Anti-Injunction Act, based on the Supreme Court's having construed it as not intended to bar injunctions in certain unusual circumstances. One exception is set forth in <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S.1, 7 (1962), and requires both a showing that (i) under no circumstances could the Government prevail on its claim, and (ii) irreparable harm would ensue absent injunctive relief. Assuming that the receiver could meet the irreparable harm element (which is unlikely given that there is a right of redemption associated with an IRS administrative tax sale), it cannot possibly demonstrate that the government cannot prevail on its lien claim.

The other exception is where a party other than the taxpayer is affected by a tax that it has standing to claim is invalid (because it will be damaged indirectly by the tax), and has no other legal avenue to assert the challenge. <u>South Carolina v. Regan</u>, 465 U.S. 367 (1984) (state as issuer of bonds had no legal avenue to challenge validity of federal tax provision requiring that its bonds be in registered rather than bearer form to be tax-exempt, and which would be irreparably harmed

---

[5] Although perhaps premature, the United States also maintains that any expenses of the administration of the receivership will be junior to the federal tax liens regardless of any state equity doctrine that receiver's fees and his legal and other administrative expenses have priority over all creditors of the insolvent.

by the depression of the value of the bonds if they were not tax-exempt, could seek injunctive relief). This unique and narrow exception has absolutely no application here.

Quite apart from the Anti-Injunction Act's explicit proscription, for a court to enjoin the United States, there must been an explicit statutory waiver of sovereign immunity (save arguably that courts have inherent authority to enjoin violations of the Constitution). The receiver/plaintiff here has pointed to no statutory waiver of sovereign immunity other than IRC § 7426, which is inapplicable, as demonstrated above. The doctrine of sovereign immunity generally bars suits that would "restrain the government from acting, or compel it to act," absent an explicit statutory waiver of sovereign immunity. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 704 (1949). Statutory waivers of sovereign immunity must be strictly construed in terms of their scope, and all ambiguities resolved in favor of immunity. See, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996). A waiver may not be implied, but must be unequivocally expressed. Id. Even where there is a statutory waiver of sovereign immunity, the remedies are limited to those clearly indicated by Congress. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261-62 (1999) (no equitable lien permitted).

**The State Court Order Is Not a Basis to Enjoin the IRS**

The state court order appointing the receiver, notwithstanding the broadly worded equitable injunction it contains, is not a basis upon which to grant a TRO or otherwise enjoin the United States (or the IRS). First, for all the reasons set forth above (and additional ones indicated below), the state court has no jurisdiction to enjoin the federal government from collecting tax and, assuming its order was so intended (which is questionable since it does not explicitly refer to the IRS), it is void.[6] The Supreme Court has held that where an order is barred by sovereign immunity,

---

[6] Construing the state court order as not being intended to apply to the IRS would not be an unreasonable interpretation because court orders should be construed to render them valid and not in

it is subject to collateral attack in any other proceeding unless the issue of sovereign immunity was actually litigated before the order was entered. See United States v. U.S. Fidelity & Guaranty Co., 309 U.S. 506, 514 (1940) (allowing, in a suit by United States on a bond, a collateral attack on a judgment in a reorganization proceeding that had been entered against United States on a cross-claim for which there was no statutory waiver of sovereign immunity, even though the United States had filed a claim in the reorganization proceeding and appeared therein). Accordingly, the United States is not required to appeal the Rhode Island court order to preserve its right to claim it is void in this or any other proceeding.

In addition, wholly apart from sovereign immunity or the Anti-Injunction Act, the state court lacks jurisdiction over the Massachusetts property. As a general principle, "[a]n order appointing a receiver of realty has no extraterritorial operation and cannot affect the title to real property which is located beyond the jurisdiction of the court by which the order was made." Loudoun Nat. Bank of Leesburg v. Continental Trust Co., 164 Va. 536, 548, 180 S.E. 548, 553 (Va. 1935) (citing Booth v. Clark, 58 U.S. 322 (1854). This was recognized long ago by the highest court of the state in which the instant IRS sale is scheduled. Gerding v. East Tennessee

violation of law (here the Anti-Injunction Act). In Leiter Minerals, Inc. v. United States, 352 U.S. 220 (1957), the Supreme Court held that 28 U.S.C. § 2283, which generally limits the ability of a party in a federal court action to obtain a stay of a state court proceeding, did not apply where the United States seeks the stay, despite the statute's silence on the point and the absence of any legislative history indicating such an exception. The Supreme Court found that the statute's purpose was one of "comity" to state courts which has more force in private litigation than when the United States invokes a national interest. If a statute limiting federal court relief available against a state court proceeding may be construed as not intended to apply where the United States asks for the relief from the state court proceeding, surely a state court order containing an broadly worded omnibus injunction of the kind that is boilerplate in equity receiverships could be similarly construed as limited to private creditors, unless the order expressly identifies the United States as its target. The order was entered in the form provided by the petitioners' counsel the same date that the petition was filed and it is not out of the question that the state court judge might have relied on the general right of shareholders of a corporation to place it in receivership without reading the details of the petition and realizing that the order was drafted so as to enjoin the United States without naming it.

Land Co., 185 Mass. 380, 382, 70 N.E. 206, 207 (Mass. 1904) (decree of court appointing a receiver in one state "has no effect, *proprio vigore*, beyond the territorial limits of the state in question, and that, as matter of comity, it will not be allowed by the courts of another state to prevail against any remedy which the laws of the latter afford to its own citizens against property of the company within its jurisdiction"). Additional authorities are provided in the following footnote.[7]

It may be noted that the IRS has prohibited itself from levying on property in the actual custody of a court-appointed receiver, but that only applies where the receiver's possession pre-dates the levy. Based on the authorities cited above, the receiver does not in fact have possession of the Massachusetts property. But even if the Rhode Island court could grant its receiver possession of real property in Massachusetts, in the instant matter, the IRS levied upon and seized the real property long before the state court proceeding was commenced. (Indeed, it appears that the proceeding was commenced deliberately to interfere with the prior federal levy.) In this connection, an IRS levy/seizure transfers constructive possession to the IRS. Phelps v. U.S., 421 U.S. 330, 334 (1975); United States v. Frierson, 21 F.2d 428 (6th Cir 1994) (the levy "gives the

[7] Schindelholz v. Cullum, 55 F. 885, 889 (8th Cir. 1893) ("a court has no power to enjoin a citizen of a foreign state or sovereignty from causing a levy to be made on lands which are situated in the foreign state, and beyond its territorial jurisdiction, because it has appointed a receiver of such property, unless the person so enjoined is a party, either in person or by representation, to the litigation in which the receiver was appointed); In re Kaiser Steel Corp., 80 B.R. 216, 219 (Bkrtcy.D.Colo.,1987) (it is a "general precept that in order to affect property rights outside the state, 'at least the res must be within the territorial jurisdiction of the court in which the suit is brought'"); Pool v. Farmers' Loan & Trust Co., 27 S.W. 744, 746 (Tex.Civ.App. 1894) ("a court of another state is without jurisdiction to appoint a receiver to take possession of, operate, and control property situated entirely within this state"); Chicago, M. & St. P. Ry. Co. v. Keokuk Northern Line Packet Co., 108 Ill. 317, 1883 WL 14105, *4 (Ill. 1883) (observing the "general doctrine that the powers of a receiver are coëxtensive only with the jurisdiction of the court making the appointment, and particularly that a foreign receiver should not be permitted, as against the claims of creditors resident in another State, to remove from such State the assets of the debtor"). Cf. Fall v. Eastin, 215 U.S. 1, 8 (1909) (recognizing that *in personam* jurisdiction is required for a state court to affect rights of a person in property in another state in light of the "territorial limitation of the jurisdiction of courts of a state over property in another state").

IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government"; quoting United States v. General Motors Corp., 929 F.2d 249, 251 (6th Cir.1991), in turn quoting United States v. National Bank of Commerce, 472 U.S. 713, 720 (1985)). Thus, the IRS had constructive possession prior to the plaintiff's appointment and his appointment cannot interfere with the IRS's constructive possession. To be sure, the taxpayer, Pleasant Properties, retains an ownership interest in the property. And, it (or the receiver acting on its behalf) will have a right to redeem the property from the IRS sale under the Internal Revenue Code's redemption provision.

**Conclusion**

The Court lacks jurisdiction to enjoin the IRS tax sale unless it concludes that this is truly a valid action under § 7426 and, if that is the case, then the receiver fails to meet the requirements of § 7426(b)(1) for an injunction because it plainly lacks any interest in the property that is "superior to the rights of the United States."

AUGUST 20, 2008

ROBERT CLARK CORRENTE
United States Attorney

/s/ *Ly T. Nguyen*
Ly T. Nguyen
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 /fax (401) 709-5017
Ly.Nguyen@usdoj.gov

PETER SKLAREW
Attorney, Tax Division, Dept. of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 307-6571/fax (202) 514-5238
Peter.A.Sklarew@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing **United States' Opposition to Plaintiff's Motion for Temporary Restraining Order** will be made by the court's ECF system on the plaintiff's counsel this 21st day of August, 2008.

/s/ *Ly T Nguyen*
Ly T. Nguyen
Assistant United States Attorney