UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re INDIAN MOTORCYCLE LITIGATION | CIVIL ACTION NO. 02-11522-REK<br>Consolidated Proceedings<br>**Practice and Procedure Order No. 9**<br>**All Cases** |

December 10, 2003

The next case management conference is set for January 23, 2004 at 9:30 A.M.

*Practice and Procedure Order No.9 supplements and does not supercede Practice and Procedure Orders Nos. 1-8.*

**I. Pending Matters**

An emergency hearing was held on December 10, 2003 to address the following filings:

(1) United States' Motion to Modify Stay Order So That It Clearly Does Not Bar Tax Assessments and Collection (Docket No. 200, filed November 7, 2003);

(2) Receiver's Response to United States' Motion and Request for Emergency Hearing (Docket No. 204, filed November 14, 2003);

(3) U.S. Concurrence in Request for Expedited Hearing in Receiver's Response to U.S. Motion to Modify Stay Order, While Opposing Receiver's Request for Contempt Sanctions and Objecting to Fabrications (Docket No. 206, filed November 17, 2003);

(4) U.S. Motion to Treat 12/10/03 Hearing as a Non-Evidentiary Status Conference or Else Continue It and Give Due Notice of Precisely What Matters Are to Be Heard and of What Factual Issues the Court Considers Relevant (Docket No. 213, filed December 8, 2003); and

(5) Receiver's Motion to Hold Government in Contempt for Violation of Previously-Entered Orders and for Sanctions Therefor (Docket No. 214, filed December 4, 2003).

The following matters were deferred at the December 10, 2003 hearing to provide the parties with an opportunity to file further submissions:

(6) Michael Mandelman's Motion for Award of Attorneys' Fees, Costs and Expenses (Docket No. 202, filed November 30, 2003); and

(7) Receiver's Response to Michael Mandelman's Motion for Award of Attorneys' Fees, Costs and Expenses (Docket No, 212, filed November 21, 2003).

The following matters are pending but are not yet ripe for decision:

(8) United States' Motion to Finally Set Amount of IMMI's Tax for Year Ended 9/30/99, Including By Determining That, as a Matter of Law, No Loss Carrybacks Are Allowable (Docket No. 208, filed November 19, 2003) and Memorandum in Support (Docket No. 209, filed November 19, 2003); and

(9) Motion by United States for Partial Summary Judgment on Substantial Underpayment Penalty and for an Order Permitting Discovery on Triable Issue of Fact Regarding Receiver's Affirmative Defense (Docket No. 210, filed November 26, 2003) and Memorandum in Support (Docket No. 211, filed November 26, 2003).

The following motion was allowed without oral argument on December 9, 2003:

(10) Receiver's Motion for Extension of Time to Respond to Three Pending Government Motions Until After the December 10, 2003 Hearing (Docket No. 215, filed December 4, 2003).

**II. Factual and Procedural Background**

On July 13, 1995, Judge Zita L. Weinshienk of the U.S. District Court for the District of Colorado issued the following order in an earlier stage of this case:

> [A]ll actions which are equitable in nature or purport to seek equitable relief against the Receiver or the Receivership Estate, including without limitation any future actions taken against IMMI in the Massachusetts Bankruptcy Court Adversary Proceeding, are hereby stayed, as are any attempts to enforce equitable relief purportedly previously entered against the Receiver or the Receivership.

Order Staying All Equitable Actions Against the Receivership Estate, Exhibit 1 to Docket No. 204, at 8. The purpose of this order was to ensure that the federal district court in Colorado retained exclusive jurisdiction over all assets in the receivership estate. Id. at 4.

On January 17, 2001, the Receiver and IMCOA Holdings America, Inc., IMCOA Licensing America, Inc., and Indian Motorcycle Company filed with Magistrate Judge O. Edward Schlatter a joint motion to approve a settlement agreement. See In Re Indian Motorcycle Manufacturing, Inc, No. 95-Z-777 (D. Colo.) ("Indian-Colorado") (Docket No. 1580, filed January 17, 2001). That motion included a section entitled, "The Receiver and IMCOA Move the Court to Modify the Permanent Stay Order to Adequately Protect Sterling Consulting Corporation, its Officers, Directors and Employees, in their capacity as Receiver and also in their Personal Capacities." Id. at 6 (capitalization as in original). This section of the motion read as follows:

> Very early in the receivership, the District Court entered a series of Orders which effectively required any party with a dispute regarding the estate to bring it in the Receivership Action. The Orders in this series included the . . . Order Staying All Equitable Actions Against the Estate of July 13, 1995. . . .
>
> The Settlement Agreement provides that the same protections will be afforded Sterling, post-receivership, to the fullest extent allowed by law, *i.e.,* that any disputes regarding Sterling's performance as Receiver shall be brought in the District Court. Further to this and in aid of the District Court's jurisdiction, the parties ask this Court to issue an injunction, pursuant to 28 U.S.C. § 1651, enjoining all parties and claimants, and their privies, from bringing suit against the Receiver or Sterling in any jurisdiction or forum other than the District Court. This requested expansion of the July 13, 1995 Order is intended to require any party with a claim relating to the Receivership, or with a claim that would have been made against the Receivership but for the termination of the Receivership, to bring such claim in the District Court.
>
> The purpose[s] of this requirement . . . are: (a) to protect and effectuate the Orders and Judgments of the District Court made during the course of the Receivership; (b) to prevent those subject to the Orders and Judgments from attempting to circumvent them, or from attempting to circumvent the termination of the Receivership, in the future by filing in another jurisdiction or forum; and (c) to shield the Reccеiver and Sterling from the time, expense, and harassment of improper lawsuits related to Receivership matters filed post-termination of the Receivership. . . .
>
> Second, IMCOA and the Receiver request that the Court make a finding that all actions taken by Sterling in the Receivership Action were, in fact, in its capacity as Receiver. This finding will enable Sterling, should it be sued post-discharge in another jurisdiction or venue for any action related to this Receivership to remove to Federal Court pursuant to 28 U.S.C. § 1442(a)(3), if necessary, and then to seek a change or venue to this District pursuant to 28 U.S.C. § 1404(a). The finding also will protect the Receiver and Sterling from Receivership-related claims improperly filed after the termination of the Receivership.

Id. at 6-7.

Instead of awarding the precise relief requested, Magistrate Judge Schlatter recommended "that the Court's Order Staying All Equitable Actions Against the Receivership Estate of

July 13, 1995, be expanded to cover claims against Sterling and its principals." Order and Recommendation, Indian-Colorado (Docket No. 1581) at 3. Adopting Magistrate Judge Schlatter's recommendation, Judge Weinshienk ordered:

> It is FURTHER ORDERED that the Court's July 13, 1995, Order Staying All Equitable Actions Against The Receivership Estate is hereby modified to cover any claims asserted by any creditor or beneficiary of the Receivership Estate purportedly against Sterling Consulting Corporation or its principals, in their individual capacities, for any actions taken during the Receivership which in any way relate to the Receivership or the assets of the Receivership Estate.

Order Dismissing Certain Parties, Exhibit 2 to Docket No. 204 (March 28, 2001), at 3.

These orders became relevant when, on October 31, 2003, the Internal Revenue Service sent the Receiver a Notice of Deficiency. The Receiver claims that this Notice violates the stay orders.

## III. Disposition of Pending Matters

The United States has moved for a modification of the above stay orders to exclude the assessment or collection of federal taxes. It argues that the intent of the order was not to apply to federal tax collection, and, even if Judge Weinshienk did intend to enjoin federal tax collection, such an order was beyond the court's authority by virtue of the Anti-Injunction Act, 26 U.S.C. § 7421(a), as well as by reason of the doctrine of sovereign immunity.

The Receiver argues that the United States has violated the stay order by sending its Notice of Deficiency. The United States is in contempt of court, according to the Receiver, and its motion therefore comes too late. The Receiver argues that the United States is not entitled to disobey an injunction, and that an argument that the injunction is improper is not a defense to a charge of

contempt of court. The United States, for its part, asks me to modify retroactively the stay order so as to exonerate it of any possible contempt charge.

I conclude that the United States' actions thus far do not constitute a violation of the stay order. Notices of Deficiency are authorized by 26 U.S.C. § 6212(a). Such a Notice does not commence litigation. Instead, it provides a taxpayer an opportunity to invoke the jurisdiction of the Tax Court within 90 days of the mailing of the Notice of Deficiency. 26 U.S.C. § 6213(a). It is significant that a tax may not be assessed or collected until the period during which the Receiver may petition the Tax Court for relief has ended. Id. The purpose of the stay order, as revealed by its history as outlined above, was to consolidate jurisdiction over all claims against the Receivership Estate in one court. Because the Notice of Deficiency does not invoke the jurisdiction of any court, I rule that the Notice of Deficiency is not a "claim" against the Receiver. In these circumstances, I conclude that the mailing of the Notice of Deficiency was not a violation of the stay order.

The United States asks me to modify the stay order to permit it in fact to assess the tax and to demand payment. It concedes that such an assessment and demand constitute a "claim" within the meaning of the order. See Docket No. 200 at 7.

I conclude that it is appropriate for me to modify the stay order as requested. The Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), provides:

> Except as provided in sections [not relevant here], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

See also Enochs v. Williams Packing & Nav. Co. 370 U.S. 1, 7, 82 S.Ct. 1125, 1129 (1962) ("The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.") In these circumstances, it was beyond the Colorado District Court's subject-matter jurisdiction to order a stay that applied to federal efforts to assess and collect taxes. The Order below rescinds the former stay order, and replaces it with the following:

> All actions that are equitable in nature or purport to seek equitable relief against the Receiver or the Receivership Estate, and all claims asserted by any creditor or beneficiary of the Receivership Estate purportedly against Sterling Consulting Corporation or its principals, in their individual capacities, for any action taken during the Receivership that in any way relate to the Receivership or the assets of the Receivership Estate, are hereby stayed, as are any attempts to enforce equitable relief purportedly previously ordered against the Receiver or the Receivership, except that this Order does not restrain the assessment or collection of any tax.

In its submissions, the Receiver avers that this court has been, and continues to be, an unwitting co-conspirator in the Government's plans to punish the Receiver and its counsel. The Receiver asserts that my previous Orders were made without a full understanding of the Government's intentions, and urges that I reconsider my previous rulings in this case. First, I note that I am not presented with a Motion for Reconsideration, and that the United States has not had an opportunity to respond to the Receiver's request. Second, my rulings in this case have been based solely on the applicable law, without regard to extrinsic and irrelevant factors such as the parties' alleged ulterior motives. In this highly contentious case, my duty is to apply the law, not to referee personal squabbles between the parties. I reject the Receiver's contention, Docket No. 204 at ¶ 13, that my previous

rulings have been based on any factors other than a careful examination of applicable precedents regarding law and equity.

**ORDER**

For the foregoing reasons, it is hereby ORDERED:

(1) United States' Motion to Modify Stay Order So That It Clearly Does Not Bar Tax Assessments and Collection (Docket No. 200) is ALLOWED. The Stay Order of July 13, 1995, as modified on March 28, 2001, is RESCINDED.

(2) All actions that are equitable in nature or purport to seek equitable relief against the Receiver or the Receivership Estate, and all claims asserted by any creditor or beneficiary of the Receivership Estate purportedly against Sterling Consulting Corporation or its principals, in their individual capacities, for any action taken during the Receivership that in any way relate to the Receivership or the assets of the Receivership Estate, are hereby stayed, as are any attempts to enforce equitable relief purportedly previously ordered against the Receiver or the Receivership, except that this Order does not restrain the assessment or collection of any tax.

(2) Receiver's Request for Emergency Hearing (Docket No. 204) is ALLOWED.

(3) U.S. Motion to Treat 12/10/03 Hearing as a Non-Evidentiary Status Conference or Else Continue It and Give Due Notice of Precisely What Matters Are to Be Heard and of What Factual Issues the Court Considers Relevant (Docket No. 213) is DISMISSED.

(4) Receiver's Motion to Hold Government in Contempt for Violation of Previously-Entered Orders and for Sanctions Therefor (Docket No. 214) is DENIED.

(5) Michael Mandelman's Motion for Award of Attorneys' Fees, Costs and Expenses (Docket No. 202) is DEFERRED.

(6) United States' Motion to Finally Set Amount of IMMI's Tax for Year Ended 9/30/99, Including By Determining That, as a Matter of Law, No Loss Carrybacks Are Allowable (Docket No. 208) is DEFERRED as not yet ripe.

(7) Motion by United States for Partial Summary Judgment on Substantial Underpayment Penalty and for an Order Permitting Discovery on Triable Issue of Fact Regarding Receiver's Affirmative Defense (Docket No. 210) is DEFERRED as not yet ripe.

(8) Receiver's Motion for Extension of Time to Respond to Three Pending Government Motions Until After the December 10, 2003 Hearing (Docket No. 215) was ALLOWED on December 9, 2003.

____/s/ Robert E. Keeton____
Robert E. Keeton
Senior United States District Judge