UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. DELSESTO, as temporary receiver for PLEASANT PROPERTIES, INC., | ) | |
| | ) | Civil No. 08-313-ML |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**UNITED STATES' REPORT OF IRS TAX SALE AND SUGGESTION OF MOOTNESS**

In the wake of the Court's denial of the plaintiff's motion for a temporary restraining order to prevent the administrative tax sale of certain property by the Internal Revenue Service, the United States of America believes it should report to the Court that this case will be at least partly mooted by the sale assuming the balance of the purchase price is paid, and further makes this filing to invite the plaintiff to consider voluntary dismissal of the remainder of the action before the United States is required to answer the complaint, as permitted under Fed.R.Civ.P. 41. The subject property – real property located at 60 Mead Street in the Town of Seekonk, Massachusetts (the "Property") – was sold subject to $466,663 in senior liens (a mortgage and property taxes) as of June 18, 2008. The minimum bid was $44,336 (equivalent to a total purchase price of roughly $508,336). *See* attached Form 4585 (Minimum Bid Worksheet). The property in fact sold for $250,000 with the purchaser assuming the prior liens (for a purchase price equivalent to roughly 714,000). A $20,000 deposit was made and, assuming the purchaser pays the remaining $230,000 (due September 12, 2008), the amount received by the IRS will fully satisfy the federal tax liens (totaling about $187,000) and the expenses of the sale (approximately $3,000), thus creating a surplus of approximately $60,000. If the Property is not redeemed, that surplus would normally be remitted to the taxpayer, absent identification of additional tax liabilities. If, at such time as the taxpayer becomes entitled to the surplus proceeds, the state court receivership action remains

pending, the United States assumes that the receiver will be entitled to the money.

The United States suggests that this moots the complaint insofar as it seeks injunctive or other equitable relief. The complaint, however, also asserts that the receiver has a superior lien to the interest of the United States. If the receiver continues to believe that is the case in the wake of the demonstration contained in the United States' opposition to his motion for a temporary restraining order, he is entitled to maintain this action under 26 U.S.C. § 7426 to pursue a recovery of all or part of the $190,000 (approximately) that the IRS intends to retain from the sale proceeds as described above. The United States, however, respectfully urges the receiver to reconsider his position in light of the information contained in the United States' opposition to his motion for a temporary restraining order and to dismiss the complaint voluntarily before an answer is required.

ROBERT CLARK CORRENTE
United States Attorney

/s/ *Ly T. Nguyen*
Ly T. Nguyen
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 /fax (401) 709-5017
Ly.Nguyen@usdoj.gov

PETER SKLAREW
Attorney, Tax Division, Dept. of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 307-6571/fax (202) 514-5238
Peter.A.Sklarew@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing **United States' Report of IRS Tax Sale and Suggestion of Mootness** will be made by the court's ECF system on the plaintiff's counsel this 25th day of August, 2008.

/s/ *Ly T Nguyen*
Ly T. Nguyen
Assistant United States Attorney